UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Blackwater Technologies, Inc.,
a Nevada Corporation,

              Plaintiff,

      v.

Synesi Group, Inc., f/k/a Portogo, Inc.,
a Minnesota Corporation; Tim Olish;
and Rod Miley,

              Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civ. No. 06-1273 ADM/AJB

_____

Boris Parker, Esq., Parker & Wenner, P.A., Minneapolis, MN, on behalf of Plaintiff.

Robert Zeglovitch, Esq., Law Offices of Robert Zeglovitch, Minneapolis, MN, on behalf of Defendants Tim Olish and Rod Miley.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendants Tim Olish ("Olish") and Rod Miley's ("Miley") (the "Individual Defendants") objection that Plaintiff Blackwater Technologies, Inc. ("Blackwater"), has failed to demonstrate that it is the real party in interest in this matter, as required by Federal Rule of Civil Procedure 17(a). For the reasons set forth below, the Individual Defendants' Rule 17(a) objection is overruled without prejudice.

## II. BACKGROUND

The factual background of this litigation is set forth in the Court's January 14, 2008, Order [Docket No. 65] and therefore the Court will provide only facts relevant to the Rule 17(a) real-party-in-interest issue. In its Amended Complaint [Docket No. 30], Blackwater, a Nevada corporation, asserted claims of breach of contract, promissory estoppel, deceptive trade practices

under Minn. Stat. § 325D.44, unfair competition, fraud, and negligent misrepresentation against Synesi Group, Inc. ("Synesi"), and the Individual Defendants. The Amended Complaint alleges that in 2004, Tiger Team Technologies, a Nevada Corporation ("T3"), and Synesi, a Minnesota corporation then known as Portogo, Inc., orally entered into a licensing agreement whereby T3 would license and market certain technology based on patents held by Synesi. Am. Compl. ¶ 13. Purporting to sue as the "successor in interest to [T3], a Nevada Corporation," Blackwater alleges that Synesi breached the licensing agreement. Id. ¶¶ 1, 20.

The Individual Defendants filed a Rule 12(c) Motion for Judgment On the Pleadings [Docket No. 51], arguing that the Amended Complaint fails to state claims upon which relief may granted against them. Indiv. Defs.' Mem. in Supp. of R. 12(c) Mot. [Docket No. 53] at 9-24. In the alternative, the Individual Defendants argued that Blackwater failed to plead enough facts to establish that it is the real party in interest, as required by Rule 17(a). Id. at 25. In the January 14 Order, this Court granted in part and denied in part the Individual Defendants' Rule 12(c) Motion and dismissed the claims of deceptive trade practices, unfair competition, and negligent misrepresentation against the Individual Defendants. Order at 14. Although Blackwater adequately pleaded its other claims, the Court found that Blackwater failed to allege facts supporting its claim that it is T3's successor in interest. Id. at 13. Therefore, the Court ordered Blackwater to file evidence supporting its status as the real party in interest.

### III. DISCUSSION

Rule 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest." "In a diversity action, state law determines the issue of who is a real party in interest." Jaramillo v. Burkhart, 999 F.2d 1241, 1246 (8th Cir. 1993). "The real party in interest is a party

who, under governing substantive law, possesses the rights to be enforced." Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc., 330 F.3d 1041, 1045 (8th Cir. 2003). The capacity of a corporation to sue or be sued is determined by the law under which it was organized. Fed. R. Civ. P. 17(b).

In support of its status as the real party in interest, Blackwater has submitted the Affidavit of Paul Hogan ("Hogan") [Docket No. 66], Blackwater's current president and chief executive officer. Hogan was T3's president when it allegedly reached a licensing agreement with Synesi. Am. Compl. ¶ 9. Hogan avers that on May 9, 2006, T3 completed a reverse merger with Physicians Healthcare Management Group, Inc., an Illinois Corporation ("Illinois PhyHealth"), whereby T3 acquired Illinois PhyHealth as a wholly-owned subsidiary. Hogan Aff. ¶¶ 3-4. The reverse merger is evidenced by a Stock Purchase Agreement. Id. Ex. A. The Stock Purchase Agreement states that T3 "convey[ed] to Hogan a 92% undivided interest in the property rights to its T3 technology." Id. Ex. A at 2.

Hogan avers that as part of the May 2006 reverse merger transaction he also received T3's legal claims and liabilities, including T3's claims against Synesi. Id. ¶ 5. Hogan claims he conveyed T3's former technology and litigation rights to Blackwater. Id. ¶¶ 6-7. Subsequently, T3 changed its name to Physicians Healthcare Management Group, Inc., a Nevada Corporation ("Nevada PhyHealth"). Id. ¶ 8. In October 2006, Blackwater changed its name to Tiger Team Technologies ("New T3"). Id. ¶ 8; Parker Aff. [Docket No. 73] Ex. F. In summary, Blackwater claims it is the real party in interest because T3 assigned its litigation rights to Hogan, and Hogan subsequently assigned those rights to Blackwater, which is now New T3.

Although there is no contemporaneous documentary evidence of T3's May 2006 transfer

of its legal claims to Hogan, Hogan has provided a February 1, 2008, Bill of Sale stating that T3 transferred its litigation rights and liabilities to Hogan in May 2006. Hogan Aff. Ex. B. The Bill of Sale was signed by Hogan on behalf of T3 and by Robert Trinka ("Trinka"), Illinois PhyHealth's president. Id. Ex. B at 2. Blackwater has also submitted the Affidavit of Matthew Balson ("Balson") [Docket No. 74], a lawyer who represented Illinois PhyHealth when the Stock Purchase Agreement was negotiated and executed. Balson's Affidavit includes a March 29, 2007, Amendment and Clarification to Stock Purchase Agreement that reflects that Hogan assumed all of T3's financial liabilities. Balson Aff. Ex. A at 1. The Amendment and Clarification was signed by Hogan, on behalf of himself, by Trinka, on behalf of Illinois PhyHealth and Nevada PhyHealth, and by other parties involved in the transaction. Id. Ex. A.

Blackwater's submissions contain some discrepancies. For example, it is unclear how Hogan had authority to sign the February 1, 2008, Bill of Sale as T3's president (as opposed to New T3's president) when he had resigned from that position on June 15, 2006. Parker Aff. Ex. D. However, at the pleading stage, Blackwater is only required to allege facts demonstrating the plausibility of its claim to be the real party in interest. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (stating that a pleading must contain "enough facts to state a claim to relief that is plausible on its face"). Although Blackwater's Amended Complaint fails to allege any facts supporting its conclusory claim that it is T3's successor in interest, the affidavits of Hogan, Trinka, and Balson all state that T3 transferred its existing legal claims to Hogan in May 2006, and Hogan avers that he transferred those claims to Blackwater. This evidence demonstrates it is plausible that Blackwater is the real party in interest.

Because Blackwater's status as T3's successor in interest[1]—as opposed to an assignee of T3's litigation rights—is not dispositive of the real-party-in-interest issue, it is unnecessary for this Court to address the successor-in-interest issue at this time.  The Individual Defendants' objection regarding Blackwater's status as the real party in interest is overruled without prejudice.  The Individual Defendants may raise the Rule 17(a) issue again after additional development of the record during the normal course of discovery.

Finally, the Individual Defendants request in the alternative that the Court order Blackwater to further amend its pleading to set forth facts regarding its status as the real party in interest.  Indiv. Defs.' Reply Mem. in Resp. to Pl.'s Rule 17(a) Submission [Docket No. 76] at 8.  Because Blackwater's Amended Complaint is technically deficient under Twombly, the Court orders that Blackwater amend its complaint to set forth facts supporting its status as the real party in interest.  Blackwater must amend its complaint by April 11, 2008.

---

[1] See Black's Law Dictionary 1473 (8th ed. 2004) (defining a successor corporation as "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation").

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Tim Olish and Rod Miley's objection regarding Plaintiff Blackwater Technologies, Inc.'s status as the real party in interest is **OVERRULED WITHOUT PREJUDICE**; and

2. Blackwater must amend its complaint to set forth facts establishing that it is the real party in interest. Blackwater must amend its complaint by April 11, 2008.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 28, 2008.