UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

TIGER TEAM TECHNOLOGIES, INC.,                         Civil No. 06-1273 (ADM/AJB)

          Plaintiff,

v.                                                                                **REPORT AND RECOMMENDATION**

SYNESI GROUP, INC.,

          Defendant.

The above matter came on for settlement conference before the undersigned on April 28, 2009. Elizabeth A. Lambrecht, Esq., appeared for the Plaintiff, Tiger Team Technologies, Inc., formerly known as Blackwater Technologies, Inc. No appearances were made on behalf of the remaining Defendant in this case, Synesi Group, Inc. The action has been referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Based upon the file and documents contained therein the Magistrate Judge makes the following:

**FINDINGS OF FACT**

This case was initially commenced by Blackwater Technologies, Inc., in March 2006 against Defendant Synesi Group, Inc., f/k/a Portogo, Inc. ("Defendant Synesi"). See Compl. [Docket No. 1]. Blackwater filed an Amended Complaint on April 20, 2007 [Docket No. 30]. In its Amended Complaint, Plaintiff asserted claims of breach of contract, promissory estoppel, deceptive trade practices, unfair competition, fraud, and negligent misrepresentation, and added Tim Olish and Rod Milet as defendants. In October 2007, Defendants Olish and Miley moved

for Judgment on the Pleadings [Docket No. 51]. On January 14, 2008, the Honorable Ann D. Montgomery dismissed the deceptive trade practices, unfair competition, and negligent misrepresentation claims against Miley and Olish [Docket No. 65]. Plaintiff was allowed to proceed with its claims of breach of contract, fraud, and promissory estoppel claims, but required Plaintiff to file materials demonstrating that it was the real party in interest. Id. Plaintiff did so and the Court denied without prejudice Miley and Olish's objection regarding Plaintiff's status as the real party in interest [Docket No. 81]. Plaintiff Tiger Team Technologies, f/k/a Blackwater Technologies, Inc., a Nevada corporation, amended its Complaint a second time on May 1, 2008 [Docket No. 82]. On October 21, 2008, Defendants Miley and Olish moved for summary judgment [Docket No. 95], which was granted by Judge Montgomery on March 18, 2009 [Docket No. 116].

Shortly thereafter, this Court noticed the remaining parties in the case for settlement conference to be held on April 28, 2009 [Docket No. 117]. On April 17, 2009, Plaintiff sent a letter requesting that the scheduled settlement conference be cancelled [Docket No. 124]. Plaintiff noted that "[t]he remaining Defendant, Synesi Group, Inc., has not answered or made an appearance in this case and has not been represented by counsel. Defendant Synesi is more or less defunct and has chosen not to defend this action." Id. Plaintiff intended to proceed to trial to establish its damages and obtain a default judgment against Defendant Synesi. Id. The Court denied Plaintiff's request on April 22, 2009 [Docket No. 123]. The settlement conference proceeded as scheduled, but Defendant Synesi failed to appear.

## CONCLUSIONS OF LAW

On motion or on its own, the Court may issue any just orders, including those authorized

Fed. R. Civ. P. 37(b)(2)(A)(ii-vii), if a party or its attorney: (A) failed to appear at a scheduling or other pretrial conference, which would include settlement conferences. See Fed. R. Civ. P. 16(f); see also Rule 16(a)(5)("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as...facilitating settlement."); Dvorak v. Shibata, 123 F.R.D. 608, 610 (D. Neb. 1988). Federal Rule of Civil Procedure 37(b)(2) states in pertinent part:

> If a party or a party's officer, director, or managing agent...fails to obey an order...the court where the action is pending may issue further just orders. They may include the following:...(iii) striking pleadings in whole or in part...

"District courts have wide latitude in fashioning an appropriate sanction." Monsanto Co. v. Ralph, 382 F.3d 1374, 1380 (Fed. Cir. 2004)(applying Eighth Circuit law).[1] Striking a party's pleadings and entering default judgment for blatant disregard of court orders and rules is within the range of appropriate sanctions under Fed. R. Civ. P. 37. Id. (citing Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999)).

In this case, Defendant Synesi is in clear violation of Rule 16(f) for failure to obey the settlement conference order/notice and appear said conference on April 28, 2009. The Order/Notice of Settlement Conference [Docket No. 117] specifically stated that "...sanctions may be imposed for failure to comply with any of the foregoing instructions", which would include the presence of the parties and their respective counsel at the conference. Plaintiff also failed to submit a confidential settlement letter in advance of the conference which was also grounds for sanctions under the Order/Notice of Settlement Conference. Defendant Synesi has

---

[1] The Federal Circuit applies the law of the regional circuit from which the case arose when reviewing sanction orders. Id.

provided no response whatsoever to this Court explaining their non-appearance at the April 28th settlement conference. Moreover, Defendant Synesi has failed to answer either of Plaintiff's two amended Complaints [Docket Nos. 30, 82]. Coupled with the letter sent by Plaintiff on April 17, 2009, which notified the Court of Defendant Synesi's actions (or lack thereof), Synesi's failure to respond and/or obey court order in this case exhibits deliberate and intentional disregard of the responsibilities that parties and their counsel owe to the Court and to opposing parties and their counsel. Like the defendant in Monsanto, Defendant's conduct has undermined "[t]he integrity of this Court and our judicial system." Id. at 1379.

## RECOMMENDATION

For all the above reasons, the undersigned **recommends** that Defendant Synesi Group, Inc.'s Answer be stricken pursuant to Rule 16 and 37(b)(2)(A)(iii). This Court did consider the possibility of imposing a less serious sanction in this instance. However, under these circumstance, a lesser sanction is not appropriate and the Court is left with little choice but to strike Defendants' pleadings.


Dated: May 4, 2009

                                             s/ Arthur J. Boylan
                                             Arthur J. Boylan
                                             United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 15, 2009**.